IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ELIOT CRUZ ALICEA,

   Plaintiff,

   v.

COMMISSIONER OF SOCIAL
SECURITY,

   Defendant.

CIVIL NO. 10-1967 (CVR)

**OPINION AND ORDER**

**INTRODUCTION**

Plaintiff Eliot Cruz Alicea (hereafter plaintiff "Cruz-Alicea") filed this action seeking judicial review of the final decision of the defendant, the Commissioner of Social Security (hereafter "Commissioner"), denying his application for a period of disability and ensuing disability benefits. (Docket No. 1).[1]

On October 7, 2010, before the Commissioner had answered the Complaint or filed a copy of the administrative record, the case was referred for report and recommendation, apprising, however, that no later than October 15, 2010, plaintiff was to inform whether he consented to jurisdiction of a Magistrate Judge. Failure to do so was to be considered an implied consent. (Docket No. 3).[2] On October 18, 2010, having no pleading or motion filed, the Clerk of Court, following the order of the Court, transferred the case to this

---

[1] U.S.C. Sec. 405(g) provides for judicial review of the final decision of the Commissioner.
"... [t]he court shall have power to enter, upon the pleadings and transcript
of the record, a judgment without remanding the cause for rehearing". Section 205(g).

[2] *See* In re Sheridan, 362 F.3d 96 (1st Cir. 2004) (where the parties' actions appear to speak as clearly as words, consent may be implied) (*citing* In re G.S.F. Corp., 938 F.2d 1467 (1st Cir. 1991); *see also* Roell v. Withrow, 538 U.S. 580, 591, 123 S.Ct. 1696 (2003) (consent to proceed before a Magistrate Judge can be inferred from a party's conduct during litigation but notice of the right to refuse the magistrate judge is a prerequisite to any inference of consent.).

Magistrate Judge for all further proceedings. (Docket No. 6).[3] Title 28, United States Code, Section 636(b)(1)(A), (c)(1) and (c)(2); Fed.R.Civil P. 73(a).

On April 19, 2011, the Commissioner filed the Social Security transcript and its answer to the complaint. (Docket Nos. 11 and 12). On June 6, 2011, plaintiff filed his memorandum of law. (Docket No. 15). On September 6, 2011, defendant filed its memorandum. (Docket No. 20). Upon examination of the pleadings, including a review of the administrative record, this Magistrate Judge discusses below the pending motions and the appropriate disposition of this action as follows.

## BACKGROUND

On August 10, 2001, plaintiff Cruz-Alicea filed an application for a period of disability and disability insurance benefits. The application was initially denied and was also denied on reconsideration. After an administrative hearing was held on July 17, 2003, and had to be continued on October 1, 2003, the presiding Administrative Law Judge ("ALJ") considered the testimonies of plaintiff Cruz-Alicea, his wife, and a medical expert. The ALJ's decision issued on December 10, 2003 found plaintiff not disabled and thereafter the Appeals Council denied review. At that time, no civil action followed and plaintiff instead filed a second application for a period of disability on June 22, 2004. This time, another ALJ entertained plaintiff's claims and rendered a decision on February 8, 2008, finding plaintiff Cruz-Alicea not to be under disability. The Appeals Council also denied review. Thus, plaintiff Cruz-Alicea is herein requesting judicial review of this final

---

[3] The government has provided a blank consent to proceed before a Magistrate Judge in all Social Security cases.

administrative determination denying his claim for a period of disability and ensuing benefits.

## ADMINISTRATIVE AND PROCEDURAL HISTORY

Plaintiff Cruz-Alicea claimed disability due to a mental condition, to wit; severe depression for which he had received treatment at the P.R. Veterans' Hospital. Plaintiff becomes violent when drinking, has distant family relations, no hobbies, and remains mostly at home watching television. He does not go to church activities. Plaintiff Cruz-Alicea takes care of his personal care and complains of memory loss and diminished concentration. He worked full time as an accountant up to 1994 and quit his job, taking the benefit of a retirement window, for having problems with his supervisors, being hyperactive, and unable to analyze accounts and make financial statements. He began treatment for his condition around 2000. Plaintiff continued working part-time but his condition deteriorated until he quit and stayed home. From 2003-2005, plaintiff Cruz-Alicea claims to suffer from hyperactivity. He stopped drinking alcohol for it interfered with his medications, but remained forgetful and had a partial hospitalization at the Puerto Rico Psychotherapeutic Institute from August 9-17, 2005, with a diagnosis of recurrent moderate major depression, without psychosis.

Plaintiff Cruz-Alicea submits the ALJ erred by failing to properly evaluate the reports and opinions of treating sources and to properly consider and evaluate plaintiff's mental condition diagnosed as major depression. The ALJ concluded that, although the condition imposed more than minimal impact on plaintiff Cruz-Alicea's ability to perform basic work, it did not preclude performance of all substantial work activity and plaintiff retained

exertional ability for the full range of work activity at all exertional levels. As to his non-exertional limitations, the condition precluded activity which involved more than understanding, remembering and carrying out routine, repetitive simple instructions and only making judgment in simple work-related situations. Although plaintiff Cruz-Alicea could not return to his former work, there were alternative jobs available in significant numbers that remain within plaintiff's residual functional ability and, thus, he was considered not disabled.

The presiding ALJ determined that: 1) plaintiff met the insured status requirements on December 31, 2005, the date he was last insured; had not engaged in substantial activity since the date of alleged disability; (2) suffered from a severe impairment, that is severe depression which was considered to have more than a minimal effect on his ability to perform basic work activity and was considered severe. (Transcript, p. 19). The ALJ further concluded at step three that plaintiff did not have an impairment or combination thereof that were listed in the Listing of Impairments. (*Id.*, p. 20).

Insofar as the mental condition, the ALJ considered at step four if plaintiff held the residual functional capacity to perform his past work. The ALJ found plaintiff was unable to perform his past relevant work, but then reached the conclusion plaintiff Cruz-Alicea retained the residual functional capacity to perform a full range of work at all exertional levels, as he had no exertional limitations. (*Id.*, p. 23). Upon this finding, the ALJ determined plaintiff Cruz-Alicea was not disabled. The ALJ's decision was affirmed by the Appeals Council.

Plaintiff Cruz-Alicea submits in his memorandum of law he has an extensive record with the Veterans' Administration regarding his mental condition that shows memory loss and a depressive disorder. He also claims the record refers to trouble in understanding, concentrating or remembering and also with controlling violent behavior during his lifetime. Plaintiff further avers the medical evidence of record clearly establishes that his mental limitations are a lot more severe than those found by the ALJ who could not base his conclusions on his own medical opinion for not being qualified as a medical expert and no other evidence supports his conclusions. (Docket No. 15).

## LEGAL ANALYSIS

The Court's review in this type of cases is limited to determine whether the ALJ deployed the proper legal standards and found facts upon the proper quantum of evidence. *See* Manso-Pizarro v. Secretary of Health and Human Services, 76 F.3d 15, 16 (1st Cir. 1996). The ALJ's findings of fact are conclusive when supported by substantial evidence, 42 U.S.C. § 405(g), but are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts. Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999); Da Rosa v. Secretary of Health and Human Services, 803 F.2d 24, 26 (1st Cir. 1986); Ortiz v. Secretary of Health and Human Services, 955 F.2d 765, 769 (1st Cir. 1991).

To establish entitlement to disability benefits, the burden is on the claimant to prove that he/she is disabled within the meaning of the Social Security Act. *See* Bowen v. Yuckert, 482 U.S. 137, 146-47, n. 5 (1987). It is well settled law that a claimant is disabled under the Act if he/she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in

death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(a). A claimant is unable to engage in any substantial gainful activity when the claimant is not only unable to do his/her previous work but, considering age, education, and work experience, cannot engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he/she lives, or whether a specific job vacancy exists, or whether he/she would be hired if he/she applied for work. 42 U.S.C. § 423(d)(2)(a).

In making a determination as to whether a claimant is disabled, all of the evidence in the record must be considered. 20 C.F.R. § 404.1520(a). A five-step sequential evaluation process must be applied to every case in making a final determination as to whether a claimant is or not disabled. 20 C.F.R. §§ 404.1520; *see* Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987); Goodermote v. Sec. of Health & Human Servs., 690 F.2d 5, 6-7 (1st Cir. 1982).

Through step one the ALJ determines whether the claimant is engaged in "substantial gainful activity." If he/she is, disability benefits are denied. §§ 404.1520(b). If not, the decision-maker proceeds to step two, through which it is determined whether the claimant has a medically severe impairment or combination of impairments. *See* §§ 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment or combination of impairments is severe, the evaluation proceeds to the third step, in order to determine whether the impairment or combination of impairments is equivalent to one of a number

of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. §§ 404.1520(d); 20 C.F.R. pt. 404, subpt. P, App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one that is conclusively presumed to be disabling, the evaluation proceeds to the fourth step, through which the ALJ determines whether the impairment prevents the claimant from performing the work he/she has performed in the past. If the claimant is able to perform his/her previous work, he/she is not disabled. §§ 404.1520(e). If it is determined that the claimant cannot perform this work, then the fifth and final step of the process demands a determination on whether claimant is able to perform other work in the national economy in view of the residual functional capacity, as well as age, education, and work experience. The claimant would be entitled to disability benefits only if he/she is not able to perform other work. §§ 404.1520(f). The ALJ in the instant case examined and analyzed plaintiff's case following the steps above described, determining there were other kind of work that claimant could still perform, provided it was unskilled, simple and repetitive.

The claimant has the burden, under steps one through four, of proving that he/she cannot return to his/her former employment because of the alleged disability. Santiago v. Secretary of Health and Human Services, 944 F.2d 1, 5 (1st Cir. 1991). In the present case, plaintiff Cruz-Alicea was found by the ALJ unable to perform his previous past relevant work and, thus, continued the examination after said step four consideration. By determining the residual functional capacity for all kind of work, without any exertional

limitation, except because of the mental condition that the work be unskilled, simple and repetitive in nature, the ALJ concluded plaintiff was not under disability. (*Id.*, p. 27).

Plaintiff argues the ALJ failed to provide valid reasons to reject the opinion of a psychiatric consultant, and in the absence of consideration or credibility, resulted in a lack of substantial support for the ALJ's determination. Plaintiff claims in his memorandum the ALJ did not consider anywhere in his decision his diagnosed R/O of early onset of Alzheimer's disease as concluded by SSA consultative psychiatrist Dr. Rojas Ruiz (Tr. 433) and as mentioned on multiple occasions in the Veteran's Administration Hospital Record (Tr. 667, 676, and 707).[4] (Docket No. 15, p. 21). Still, a reference to R/O abbreviation is precisely that such diagnosis of Alzheimer's disease is to be ruled out or test are conductive to ruling out same not that such is the diagnosis. See *Stedman's Medical Dictionary*, Lippincott Williams & Wilkins (ed. 2006). Plaintiff further avers the ALJ did not consider progress notes from 2004 and 2005, for which the decision of the Commissioner failed to be based on substantial evidence of the record as a whole.

Nevertheless, the Court of Appeals for the First Circuit has indicated an ALJ is "not required to recite every piece of evidence that favored appellant." *See* Stein v. Sullivan, 966 F.2d 317, 319 (7th Cir. 1992) (noting that the level of articulation required is not precise). *See* 20 C.F.R. § 404.1527(d) ("We will always give good reason in our notice of determination or decision for the weight we give your treating source's opinion); SSR 96-2p ("the notice of determination or decision must contain specific reasons for the weight given to the

---

[4] The note refers to brain atrophy of the frontal lobes as can be seen secondary to Alzheimer's disease. Transcript p. 667. Page 676 is a copy of same page 667 and page 707 is reference to the same CT Scan imaging

treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.").

The Commissioner, through the ALJ, is authorized to give greater weight to testimony and reports of medical experts commissioned by the administrative agency than to testimony and reports of other medical experts in determining whether a claimant is disabled. Similarly, the ALJ is entitled to reject a treating physician's conclusions that a claimant is totally disabled and accept contradictory medical evidence in the record. Keating v. Secretary of Health & Human Servs., 848 F.2d 271 (1st Cir. 1988). That more weight is given to those reports of non-primary treating physician is not an error of the ALJ. *See* Barrientos v. Secretary of Health & Human Servs., 820 F.2d 1, 2-3 (1st Cir. 1987).

The ALJ's opinion herein made reference to the medical record showing plaintiff Cruz-Alicea was first seen by psychiatrist Dr. Alonso on May 11, 2000, for complaints of recurent depression, anhedonia, feelings of worthlesness, irritability, insomnia, poor concentration and attention, poor judgment and insight. The visits were first monthly and then every two months because of financial problems. Dr. Alonso reported no improvement in the psychiatric disorder.

Plaintiff Cruz-Alicea was treated at the Veterans' Hospital at the Primary Care Clinic on April 30, 2001, and was provided refill for his depression medication. He was described as alert, coherent, relevant, logical and spontaneous, appropriately dressed and groomed, with normal speech. (Transcript p. 24). Although the patient alleged memory and concentration difficulties, he was found fully oriented without significant problems with

concentration and memory. His affect was appropriate, was well oriented in the three spheres and he related well. No memory deficits were reported. He appeared calm and in no distress. (Transcript p. 25).

Plaintiff Cruz-Alicea continued treatment for his depressive disorder, with medication. A psychologist who treated plaintiff in 2005 found attention and concentration adequate and was informed plaintiff had filed for disability claim. The psychologist was under the impression the patient was exaggerating his symptoms. (*Id*. p. 517). The record reveals that for most of the time Cruz-Alicea is described as calmed, with spontaneous vocal speech, mood and affect were adequate. Memory and concentration were preserved, with occasional difficulties concentrating. (Reference to the Progress Notes, Veterans' Administration record (Exhibit B9-F); Transcript pp. 631-769).

A perusal of the progress notes shows the patient was seen at times for laboratory and test results, and for his depression, with alcohol abuse in remission, and he was found to be alert, oriented in time, place and person, was ambulatory in no apparent distress and looked well developed, well nourished and well groomed. (*Id*. p. 636). He admits to good compliance with medication and no side effects. (*Id*. p. 642). The patient's level of understanding was good. He was found ready to learn and receptive to education. Because of some cognitive limitation referred as memory loss, training preference was one to one but his level of understanding was good. (Transcript p. 645). During previous visits the patient and his wife were having some marital difficulties due to alcohol consumption and hostilities and reference to some cognitive changes, being circumstantial in his answers and

not fully cooperating. (*Id*. p. 648). A clinical social worker determined that the substance disorder was well-controlled since early 2004. (Transcript p. 691).

A psychology consultation dated July 2004 refers to an individual who according to one Dr. Fernández had cognitive impairment since the patient admitted to forget things easily, had difficulties remembering recent events and problems with word finding. (Transcript p. 700). Upon observation, plaintiff was found to move independently with ease, without auditory or visual limitations. He looked alert and generally attentive and had adequate visual contact. Affective expression was tense and anxious; rapport was adequate and language use was satisfactory. He also looked alert and attentive, although reported being sleepy. He was able to offer informed consent and could easily understand and follow instructions, not requiring repetition. Still, plaintiff seemed uncooperative and effortless and examination was discontinued due to evidently diminished effort. (*Id*. pp. 701-702). The record further states the presentation was not considered genuinely of a brain-impaired individual, but rather as an effort to create or magnify an impression of cognitive impairment. He was oriented in time and place. Although the presence of mild neurocognitive impairment could not be ruled out, there was insufficient reliable information for an appropriate diagnosis. (Transcript p. 702).

Courts give deference to the ALJ's interpretation of the medical record and notice that, although an ALJ is not at liberty to ignore medical evidence or substitute his own views for uncontroverted medical opinion, upon the existence of conflicts in the medical record from the report and sources, it is still not for the Court to resolve same. *See* Nguyen v. Chater, 172 F.3d 31 (1st Cir. 1999); Lizotte v. Secretary of Health & Human Servs., 654

F.2d 127 (1st Cir. 1981) (the resolutions of conflicts in the evidence and the determination of the ultimate question of disability is for him [the ALJ], not for the doctors or for the courts). *See also* Rodríguez v. Secretary of Health and Human Servs., 647 F.2d 218, 222 (1st Cir. 1981).

The ALJ also indicated he considered plaintiff's demeanor at the administrative hearing which was held on May 21, 2007. (Transcript pp. 844-873). Plaintiff Cruz-Alicea therein was found to have answered all questions without any problem and did not seem mentally affected to the extreme alleged. (Transcript p. 27).

To review the final decision of the Commissioner courts must determine if the evidence of record meets the substantial evidence criteria. Substantial evidence is "more than a mere scintilla and such, as a reasonable mind migt accept as adequate to support a conclusion". Richardson v. Perales, 402 U.S. 389 (1971), quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197 (1938). The findings of the Commissioner as to any fact are conclusive, if supported by the above stated substantial evidence.[5] The court would set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on a legal error. *See* Seavey v. Barnhart, 276 F.3d 1, 9 (1st Cir. 2001); Rodríguez, 647 F.2d at 222.

Counsel for plaintiff has extensively discussed in his memorandum several aspects of the case in regards to the medical evidence and plaintiff's impairments, particularly that no proper weight was given by the ALJ to the treating physicians' medical reports and the

---

[5] Falu v. Secretary of Health & Human Servs., 703 F. 2d 24 (1st Cir. 1983).

ALJ dismissed the medical opinions without justification. However, the progress notes and the medical evaluations were duly considered and still more, these serve as substantial evidence in support of the ALJ's decision.

In view of the foregoing, this Magistrate Judge opines the decision of the Commissioner is supported by substantial evidence in the record as whole, insofar as plaintiff's mental impairment allowed for performance of work within the residual functional capacity assessment. As such, the decision of the Commissioner is **AFFIRMED**.

## CONCLUSION

For the reasons above discussed, this United States Magistrate Judge, having carefully perused the record and considered whether there was substantial evidence in support of the decision rendered by the Commissioner concludes the Commissioner's decision is supported by substantial evidence and is **AFFIRMED**.

Judgment to be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, on this 5th day of October of 2011.

S/CAMILLE L. VELEZ-RIVE
CAMILLE L. VELEZ RIVE
UNITED STATES MAGISTRATE JUDGE